U. S. BURTON, *Appellee*, v. THE WICHITA RAILROAD & LIGHT COMPANY, *Appellant*.

No. 18,179.

### SYLLABUS BY THE COURT.

PERSONAL INJURIES—*No Negligence Shown—Verdict Directed— Verdict Set Aside—Error.*  Where the only inference to be drawn from the undisputed facts is that plaintiff's injuries were caused by his own act in stepping from a moving street car and that the defendant company was not guilty of any act of negligence, it is error for the court to set aside a directed verdict in favor of defendant and to grant the plaintiff a new trial.

Appeal from Sedgwick district court, division No. 2. Opinion filed May 10, 1913.  Reversed.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellant.

*Claud C. Stanley,* and *Fred Stanley,* both of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from an order granting a new trial.  Plaintiff sued to recover for injuries caused by stepping from a street car while it was in

motion. The accident occurred on January 19, 1911, at about seven o'clock in the evening. According to plaintiff's testimony, as the car approached the intersection of the street where he was to alight he rose from his seat in the car and went to the rear platform. It was a car where the conductor stands on the rear platform and collects fares as passengers enter. The conductor was standing in his enclosure when plaintiff stepped out upon the platform. There was an automobile which had been running alongside and keeping about even with the street car. When it passed by the car plaintiff assumed that the latter had stopped, and without looking up or at other objects at the side of the street he got off the lower step while the car was still in motion and was injured. He said nothing to the conductor before getting off and the latter said nothing to him. The court directed the jury to return a verdict for the defendant, but afterwards sustained a motion for a new trial.

It is true, as appellee urges in his brief, that it is not negligence *per se* to get off a moving street car; but where a passenger is injured as a result of so doing he must suffer the consequences unless the injury is caused by some negligence of the company. If, as plaintiff contends, it was not negligence for him to step from the moving street car under the circumstances, it could hardly be negligence of the defendant for the conductor to refrain from warning him not to do so. Besides there is no evidence that the conductor was aware of plaintiff's intentions.

Whether or not a person of ordinary care would have done just as plaintiff did is not the question. Frequently a person is injured although exercising great care and caution to avoid accident; and oftener still the man who acts with only ordinary care meets with a mishap. The plaintiff's act and that alone occasioned the injury. The jury might have found that he was acting with ordinary care, but he can not recover

damages from the defendant for the injuries caused by his own act and without fault of the defendant.

The trial court was right in directing a verdict, and as plaintiff upon his own statement of the facts is not entitled to recover it was error to grant a new trial.

The judgment is reversed.